**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WARREN EASLEY,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY ROWE, *et al.*,<br><br>Defendants. | CIVIL ACTION NOS. 3:25-cv-01186, 3:26-cv-01675, 3:26-cv-01676<br><br>(SAPORITO, J.) |

**MEMORANDUM**

In the above-captioned cases, plaintiff Warren Easley has filed a series of motions seeking reconsideration and other relief related to the Court's June 17, 2026, order addressing his misjoined claims.

## I. Reconsideration

Easley's requests for reconsideration are evaluated under Rule 54(b) of the Federal Rules of Civil Procedure. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)).

Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Nevertheless,

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295-96 (citations and internal quotation marks omitted).

On June 30, 2025, Easley, who was formerly incarcerated at SCI-

Rockview, filed a complaint against 47 defendants affiliated with the prison. The complaint describes a wide-ranging series of discrete incidents. *See* (Doc. 1). As previously explained, when a plaintiff tries to shoehorn a series of unrelated claims and defendants into a single complaint, some of those claims will be subject to dismissal for misjoinder. *See* (Doc. 33); Fed. R. Civ. P. 21. If dismissing the claims would potentially implicate statute of limitations issues, a court should sever the claims rather than dismiss them. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845-46 (3d Cir. 2006).

Following screening and service of the complaint, the Court granted defendants' motion to dismiss the complaint in part. Consistent with the standards described above, and to permit the "broadest possible scope of action" consistent with the rules, *see Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009), the Court severed Easley's complaint into three separate actions. One case contained Easley's claims relating to his conditions of confinement (No. 3:25-cv-01186); the second case contained a series of claims of excessive force arising in June and July 2023 (No. 3:26-cv-01675); and the third case included claims about Easley's medical care (No. 3:26-cv-01676). A series of claims arising in August 2024 and

October 2024 were dismissed without prejudice, because Easley could refile them without statute of limitations concerns. *See* (Docs. 33, 34).[1]

Easley now objects to what he describes as the dismissal "without reason" of the August 2024 and October 2024 claims. For the reasons described above, the dismissals were consistent with the applicable rules, because Easley improperly sought to raise a large number of unrelated claims in a single complaint. Easley's disagreement or misunderstanding of the rules does not entitle him to reconsideration or any other relief.[2]

Next, Easley has identified specific claims he believes were wrongly adjudicated. Upon review of these arguments, we find as follows:

- In Case No. 3:26-cv-01675, defendant "C.O. Smith" was misidentified due to a docketing error, which has since been corrected. *See* No. 3:26-cv-01675 (Doc. 9).
- Contrary to Easley's argument, the claims against John Doe defendants were accounted for. *See* (Doc. 33 at 5-6). The

[1] Citations to docket entries refer to the docket of Easley's original case, No. 3:25-cv-01186, unless otherwise indicated.

[2] Further, it appears that Easley has attempted to plead at least some of these claims in a new complaint. *See Easley v. Solamon*, No. 3:26-cv-02359 (M.D. Pa. filed Aug. 17, 2026).

claims against Does 1, 2, 3, 4, and 9 proceed in Case No. 3:26-cv-01675; the claims against Does 5, 6, 7, and 8 were dismissed without prejudice. *See* (Doc. 34, ¶ 1; Doc. 36, ¶ 2).

- Claims against defendant Vogt stemming from an incident in October 2024 were dismissed; however, upon review, we find that the complaint states a separate claim against Vogt for an alleged incident of excessive force on July 3, 2023. *See* (Doc. 1 at 30, ¶¶ 167-170). Accordingly, that claim will be added to Case No. 3:26-cv-01675, which contains the June and July 2023 excessive force claims.
- Easley complains of "confusion on claims against defendants Miller, Rowe, Woodring regarding retaliation." (Doc. 50 at 1). Easley has been permitted to proceed on retaliation claims against those defendants in Case No. 3:25-cv-01186.[3] *See* (Doc. 36, ¶ 4).

---

[3] To the extent the "confusion" arises from Easley's belief that he has pled multiple theories of retaliation against certain defendants, *see* (Doc. 50), that issue was addressed in the screening memorandum. *See* (Doc. 9 at 21, n.11) ("Although there are multiple potential theories of retaliation against certain defendants, the Court's task at the screening stage is simply to assess whether the complaint states any viable retaliation claim against each defendant.").

## II. REASSIGNMENT/RECUSAL

Easley has also requested that this matter be reassigned to another judge or reviewed by the Chief Judge of this district. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned." 28 U.S.C. § 455(a) (emphasis added). Alternatively, if a party makes "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice," another judge will be assigned to hear the case. *See* 28 U.S.C. § 144.

Easley has not presented any facts that suggest judicial bias or prejudice. His disagreement with judicial decisions is not a basis for reassignment or recusal, nor is his complaint of perceived delays in resolving motions. *See* (Docs. 41, 42, 49); *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see*, *e.g.*, *Talbert v. Pennsylvania*, No. 3:23-CV-1338, 2025 WL 984394, at *11 (M.D. Pa. Mar. 31, 2025) (listing cases). To the extent Easley seeks review of a judicial order, the appropriate method would be to file a notice of appeal containing the information required by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 3(c). Easley is advised that appeal of an interlocutory (*i.e.*, non-final) order is only

permitted in limited circumstances. *See* 28 U.S.C. § 1292(b).

## III. CONCLUSION

Accordingly, Easley will be permitted to proceed on his July 3, 2023, excessive force claim against defendant Vogt in Case No. 3:26-cv-01675, but all other relief requested in his motions will be denied. Appropriate orders will issue in each of the above-captioned cases.

Dated: August 26, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge